# WM. FABER v. CARLISLE MANUFACTURING CO.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 29, 1889—Decided May 13, 1889.

(a) In an action for personal injuries plaintiff proved that the employees in defendant's machine shop, when operating lathes to turn crank-shafts of a lighter weight, used anything they saw fit as a counter-balance,

and that a piece of iron weighing 40 pounds, so used but improperly secured, had flown off and struck and injured him.

(b) Plaintiff also proved that in turning crank-shafts of a heavier weight, an appliance particularly devised for a counter-balance was used, but failed to prove that such an appliance was generally used in turning shafts of the lighter weight. It also appeared that plaintiff had been an apprentice in the shop for four years, knew how these lathes were operated, but no complaint had been made to defendant thereof.

1. In such case, the court below properly entered a judgment of nonsuit, because, (1) if there was any negligence in the case, it was that of the foreman of the lathe in not properly securing the counterbalance, and (2) the evidence failed to disclose that the proprietor of the shop was at fault in not providing a superior counter-balance.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 16 January Term 1889, Sup. Ct.; court below, No. and Term not given.

On March 7, 1888, William Faber brought trespass against the Carlisle Manufacturing Company, to recover damages for personal injuries inflicted. Issue.

At the trial on June 6, 1888, the case presented by the plaintiff in chief disclosed the following facts:

The plaintiff was an apprentice with the defendant company, when on January 8, 1887, while at work in the defendant's machine shop, he was injured by a heavy piece of iron weighing 40 pounds, which flew from a lathe, operated by another employee turning a crank-shaft, and struck plaintiff on the head. The piece of iron was a waste piece, used on the lathe as a counter-balance.

There was an appliance, made especially for the purpose of a counter-balance, which was used in the defendant's shop when crank-shafts of a heavier weight were being turned, but none were supplied for the turning of shafts of the weight of the one being turned that day.

The plaintiff had been in the defendant's employ about four years. He knew his employee was running a lathe, and turning a crank-shaft upon it; that he used a counter-balance in so doing, and that he was allowed to select anything he saw fit for that purpose; but neither he nor any one else in the shop ever gave notice that the articles used as counter-balances were

dangerous. There was no evidence to show that the article used on this occasion would not have been safe, had it been properly fastened.

At the close of the plaintiff's testimony, on motion, the court, SADLER, P. J., entered judgment of nonsuit, for the reason that the plaintiff had failed to show negligence on the part of the defendant company. The same day a motion by the plaintiff to vacate the judgment was overruled, when the plaintiff took this writ, assigning as error the entry of said judgment, and the refusal of the plaintiff's motion that it be vacated.

*Mr. S. Hepburn, Jr.* (with him *Mr. W. A. Kramer* and *Mr. Stuart*), for the plaintiff in error.

*Mr. F. E. Beltzhoover* and *Mr. John Hays* (with them *Mr. R. M. Henderson*), for the defendant in error.

PER CURIAM:

An examination of this case fails to satisfy us that the learned court below committed any error in nonsuiting the plaintiff. If there was any negligence in the case it was that of the foreman of the lathe in not properly securing the counter-balance. The piece of iron which was used was as safe as any other piece of iron, had it been properly secured. The plaintiff's own testimony showed that it was the business of the foreman to secure it. There was no evidence to show that any superior kind of counter-balance was in general use. The fact that the defendant company had another kind in use for a larger machine, did not prove anything. Especially, it did not show that they had any reason to suppose the one which caused the accident was not safe when properly fastened. It is often easy to see after an accident has occurred how it might have been avoided. But an employer is not an insurer of the safety of his employees. If he furnishes machinery and tools for the use of the latter which are reasonably safe, it is all the law requires, and he is not bound, under the peril of being mulcted in damages for an accident, to employ every new device or improvement the moment it is invented. This is familiar law.

Judgment affirmed.